# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                            Case No. 05-CR-309

**ARCHIE LOCKWOOD**
        Defendant.

---

## SENTENCING MEMORANDUM

Defendant Archie Lockwood pleaded guilty to wire fraud arising out of his scheme to defraud the Veteran's Administration ("VA"). Defendant qualified for a VA pension program based on his service during the Vietnam war and his low income. However, he failed to report subsequent earnings, which reduced or eliminated his entitlement to benefits, as required by the terms of the program. From 1997 to 2005, he received about $59,000 to which he was not entitled.

Under the advisory sentencing guidelines, defendant's offense level was 11 (base level 7, U.S.S.G. § 2B1.1(a)(1), plus 6 based on loss amount, § 2B1.1(b)(1)(D), and minus 2 for acceptance of responsibility, § 3E1.1), and his criminal history category I, producing an imprisonment range of 8-14 months. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I decided to impose a sentence slightly below the range, and in this memorandum I set forth the reasons.

### I. SENTENCING FACTORS

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2).

## II. DISCUSSION

### A. Nature of Offense

Defendant served in the military from 1970 to 1971, during the Vietnam war. In 1988, he commenced receiving VA pension benefits based on his low income. However, in 1997, he began working both under his own social security number and under several different false social security numbers, all of which he concealed from the VA. Based on his fraudulent conduct, he improperly received $59,423.43.

2

The offense was serious because cheating benefit programs such as this one reduces the amount available for those who are truly needy and deserving. It also requires the VA and other agencies to be more vigilant and suspicious of fraud, taking time better spent on other matters and perhaps delaying approval of the worthy. Finally, the fraud occurred over a protracted period of time.

Nevertheless, while serious, the offense was not violent and did not demonstrate a need to protect the public. Defendant admitted his crime upon being confronted, stating that he needed the money to pay his bills, and expressed remorse for his conduct. He did not act out of greed or live a lavish lifestyle based on his crime. Even adding his pension benefits to his earnings, his total income was meager.

**B.    Character of Defendant**

Defendant's character was otherwise quite positive. He was 54 years old, served honorably in the military, and had no prior record. He had been married since 1977 and, although he and his wife separated for several years, they recently reunited and she spoke highly of him. They had two adult children, and defendant had six other adult children from two other relationships.

At the time of sentencing, defendant was unemployed and living on a $600/month military pension. He had a history of employment as a security guard, kitchen supervisor and basketball referee for Milwaukee Public Schools. As a result of this conviction, he suffered a significant collateral consequence – the loss of his license as a security guard. It was thus unclear what his future earning potential would be, but he had agreed to garnishment of part of his pension to begin repayment of his restitution obligation and had paid down that amount by about $2000 by the time of sentencing.

### C. Purposes of Sentencing

Given his lack of record and positive character, I saw no indication that defendant was dangerous or a risk of recidivism. Under the circumstances, I also did not believe that confinement in prison was necessary to provide just punishment and deter others. Defendant owed $57,228.43 in restitution, which he could better pay in the community. Finally, defendant had a serious problem with alcohol, which worsened after the murder of his son in 2003. However, to his credit, he entered into a treatment program prior to sentencing and was doing well.

### D. Consideration of Guidelines

The guidelines called for a term of 8-14 months, which fell within zone C of the Grid, allowing a split sentence of 4 months prison and 4 months community confinement. However, under all the circumstances, I found a prison sentence greater than necessary to satisfy the purposes of sentencing. The offense was non-violent, defendant had no prior record, he did not present a risk of future theft, and he certainly did not get wealthy off his scheme. It appears that he acted to simply meet his daily needs. Finally, the need to provide restitution was very important in this case and could better be accomplished if defendant was not imprisoned. To his credit, he had made a significant dent in the restitution amount prior to sentencing.

There was a need for some form of confinement to provide just punishment and deter others, but I found home detention sufficient to accomplish those goals. I therefore decided to impose a sentence consistent with a guideline range just one level lower, which would be within Zone B and allow substitution of home confinement for imprisonment. I

4

Case 2:05-cr-00309-LA   Filed 08/19/06   Page 4 of 5   Document 18

### C. Purposes of Sentencing

Given his lack of record and positive character, I saw no indication that defendant was dangerous or a risk of recidivism. Under the circumstances, I also did not believe that confinement in prison was necessary to provide just punishment and deter others. Defendant owed $57,228.43 in restitution, which he could better pay in the community. Finally, defendant had a serious problem with alcohol, which worsened after the murder of his son in 2003. However, to his credit, he entered into a treatment program prior to sentencing and was doing well.

### D. Consideration of Guidelines

The guidelines called for a term of 8-14 months, which fell within zone C of the Grid, allowing a split sentence of 4 months prison and 4 months community confinement. However, under all the circumstances, I found a prison sentence greater than necessary to satisfy the purposes of sentencing. The offense was non-violent, defendant had no prior record, he did not present a risk of future theft, and he certainly did not get wealthy off his scheme. It appears that he acted to simply meet his daily needs. Finally, the need to provide restitution was very important in this case and could better be accomplished if defendant was not imprisoned. To his credit, he had made a significant dent in the restitution amount prior to sentencing.

There was a need for some form of confinement to provide just punishment and deter others, but I found home detention sufficient to accomplish those goals. I therefore decided to impose a sentence consistent with a guideline range just one level lower, which would be within Zone B and allow substitution of home confinement for imprisonment. I

found such a sentence sufficient to satisfy all of the purposes of sentencing without creating unwarranted disparity.

### III. CONCLUSION

Therefore, I placed defendant on probation for a period of 5 years. The guideline range was 1-5 years, and I found a 5-year term necessary to ensure that defendant made full restitution, that his finances were monitored to prevent any future violations, and that he dealt with his drinking problem. As conditions, I ordered, <u>inter alia</u>, that he make restitution, provide the probation office with access to his financial information, participate in alcohol treatment, and serve six months on home confinement. Other conditions appear in the judgement.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge